ISAAC HUMBLE *v.* A. L. SPEARS *et al.*

EJECTMENT. *Outstanding title.* While the defense is one *stricti juris,* yet the law is well settled that defendant may set up a valid, subsisting, outstanding title in another to defeat plaintiff's action. But the plaintiff may show, in reply, that by operation of the statute of limitations, or for any other cause, such outstanding title is not valid or subsisting at the time of the trial.

Cases cited: Dickinson *v.* Collins, 1 Swan, 516; Peck *v.* Carmichael, 9 Yer., 328.

FROM BLEDSOE.

Appeal from the Circuit Court.    JOHN B. HOYLE, Judge.

S. B. NORTHRUP for plaintiff.

D. C. TREWHITT for defendant.

FREEMAN, J., delivered the opinion of the court.

This is an action of ejectment.    The main question in the case grows out of the defense set up by defendant of an outstanding title to the two hundred acres of land over which the contest was in the court below.

The plaintiff read a grant from the State of Tennessee, based on an entry of date September 4, 1849, the grant being dated March, 1856.    The defendant introduced a grant from the State of date the 20th January, 1832, based on an entry dated March 1, 1832.    This grant was made to one John Riddle.

Defendant showed no intermediate conveyances from Riddle, nor any connection whatever between his title and the title under said grant. It was shown by the testimony that John Riddle had left this country between twenty and thirty years since, and no one had known or heard of him, or any of his family, claiming the land since, he never having returned.

While the defense set up is one *stricti juris*, yet the law is well settled that defendant may set up a valid subsisting, outstanding title in another to defeat plaintiff's action. *Garner's Lessee* v. *Johnston*, Pick. R., 24, 25, C. Ed. The plaintiff may show in reply, that by operation of the statute of limitations, or for any other cause, such outstanding title is not valid and subsisting at the time of the trial, not such a title as, compared with that of the plaintiff, would be held to prevail against it in an action of ejectment. Unless such effect could be predicated of it, it would be unavailing to defeat the plaintiff's right of recovery. *Dickinson* v. *Collins*, 1 Swan, 516.

In the case of a deed made to defeat creditors, which had been introduced to show an outstanding title in the grantee in said deed, when it was shown that the deed had been made about twelve years, no claim had been set up under it, other persons shown to have been in possession of the lands, having or claiming no connection with the deed, the court said, in *Peck* v. *Carmichael*, 9 Yer., 328, "Though these facts may not of themselves be sufficient to authorize the court to say that the title is not a present and subsisting title, yet they were enough to cast such a

shade of suspicion over it as to prevent the court from granting a new trial in order to have it investigated in the court below."

This case was correctly decided, but we do not think the principle, in its proper application, will authorize a reversal in this case, where, on a proper charge, involving the proposition that the jury might look at all the facts and say whether Riddle's title had been abandoned, or was a present subsisting legal title, the jury has found for the defendant. If the suit was between Riddle, the original grantee, or his heirs, and plaintiff, and the case stood alone on the two grants, and proof of Riddle's absence for the period stated, with no adverse holding on the part of the claimant under the younger grant, there could be no doubt that the owner under the elder grant would be entitled to recover.

We can see no reason why we can say, when the same question is before us on an outstanding title, that the title is not equally as valid and subsisting in the one case as the other.

We do not deem it necessary to discuss the other questions referred to in argument, as this is conclusive of the case, and the result would be the same way.

Affirm the judgment.